IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 23, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

David Keon Ross,                              )
                                             )
            Plaintiff,                        )
                                             )
v.                                            )        Civil Action No. 7:26-cv-00211
                                             )
Capital Defenders Office *et al.*,            )
                                             )
            Defendants.                       )

## MEMORANDUM OPINION AND DISMISSAL ORDER

Plaintiff David Keon Ross, a Virginia inmate proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. Ross claims that his rights have been violated in connection with allegedly falsified evidence leading to his conviction in 2017 and a judge's recent refusal to release him from custody. (Dkt. 1.) He has named as Defendants to this action two detectives (J.W. Ensor and J.W. Bartol), the Capital Defenders Office, and a judge (Richard S. Wallerstein). (*Id.* at 1.) He seeks monetary damages. (*Id.* at 8.) Ross submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*. (Dkts. 2, 4, 6.)

While the court finds that Ross qualifies to proceed without prepayment of fees or costs, it also finds that the complaint here fails to state any viable claim upon which relief can be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice sua sponte under 28 U.S.C. § 1915(e)(2)(B).

## I.      Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006).  This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6).  *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).  Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff.  *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face, *see Iqbal*, 556 U.S. at 678.

## II.    Analysis

Ross's complaint fails to state a viable claim against any named Defendant upon which relief could be granted

Ross's claim against Defendant Judge Wallerstein fails.  District courts lack subject matter jurisdiction to consider such claims against judicial defendants because there is no justiciable controversy between judges and litigants, when judges act in adjudicatory capacity. *Frazier v. Prince George's Cnty.*, 140 F.4th 556, 562–63 (4th Cir. 2025).  Ross complains that the judge wrongly denied his motion for "immediate release," clearly an act in his adjudicatory capacity.  (Dkt. 1 at 5.)

Ross's claims against Defendant Detectives Ensor and Bartol are time-barred.  Ross claims that these Defendants falsified evidence and perjured themselves, leading to his conviction.  Ross was convicted in 2017[1] and incarcerated in 2019.  This action was filed in 2026, more than two years after the accrual of any claim arising from falsified evidence that led to his conviction.  *Lewis v. Richmond City Police Dept.,* 947 F.2d 733, 735 (4th Cir. 1991) (explaining that the statute of limitations for § 1983 claims is the state limitations period for personal injury actions and in Virginia, that period is two years).  When it is clear from the face of a § 1983 complaint that the plaintiff's claim is barred by the applicable statute of limitations, the court may summarily dismiss the complaint without prejudice as legally frivolous.  *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995).

---

[1] The complaint specifies his conviction date, (Dkt. 1 at 4).  This date is is validated by the Virginia Department of Corrections Inmate Locator, which also indicates Ross's incarceration since 2019.  Available at https://vadoc.virginia.gov/general-public/inmate-locator.

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a particular person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). The Capital Defenders Office is not a "person" with the capacity to be sued under § 1983.

Further and independent of the problems specified above with the named Defendants, Ross's complaint fails to state a claim upon which relief could be granted because the types of claims asserted (i.e., claims challenging the basis for his ongoing state detention) may not, at this time, be asserted as a civil rights action pursuant to Section 1983.

His claims are foreclosed by the United States Supreme Court's holding in *Heck v. Humphrey*, which is as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . *a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.* A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (emphasis added). Ross's claims against the judge and detectives are the types of claims that necessarily implicate the validity of his criminal conviction. As the Fourth Circuit recently summarized:

> Under *Heck*, for certain damages claims having to do with convictions or sentences, "a § 1983 plaintiff must prove that the conviction or sentence has

been ... invalidated." If a plaintiff's "claim for damages" flunks this requirement, then that claim "is not cognizable under § 1983." That is, if a plaintiff cannot show invalidation, we "deny the existence of a cause of action."

*Brunson v. Stein*, 116 F.4th 301, 306 (4th Cir. 2024) (citations omitted), *cert. denied*, 145 S. Ct. 1169 (2025). Accordingly, Ross's claims are barred under *Heck* and must be dismissed.

### III.    Conclusion and Order

For these reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* § 1915A(b)(1) (providing for same bases for dismissal).

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Ross and to close this case.

**IT IS SO ORDERED.**

**ENTERED** this 23rd day of April, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE